**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ELBA I. MATIAS PEREA

    Plaintiff

    v.                           **CIVIL NO.  05-1426 (DRD/GAG)**

COMMISSIONER OF SOCIAL SECURITY

    Defendant

---

**MEMORANDUM OPINION AND ORDER**

    Upon careful review and consideration of the parties' memoranda (Docket Nos. 6 and 15), a well as the administrative record, the Court concludes that this case must be **REMANDED** to the Commissioner of Social Security for further proceedings consistent with the instructions that follow.

    Here, the administrative law judges (ALJ) based his RFC assessment on that prepared by *non-examining* medical experts.  Such RFC assessments stand in sharp contrast with the opinion of plaintiff's treating medical experts.  For example, Dr. Ariel Rojas Davis, a treating psychiatrist, noted that plaintiff developed a depressive state in which she showed psychomotor retardation, insomnia, forgetfulness and crying spells.  He further described plaintiff's RFC as *markedly limited* in every category, including memory, concentration, social interaction and adaptation.  (See Tr. 255-263, 321-327).  The ALJ, contrariwise, concluded that plaintiff had the RFC to "perform a full range of heavy work activity, not involving the performance of complex, detailed and skilled tasks, or frequent bilateral handling, fingering and manipulation".  (See Tr. 23, 26).  Also, the non-examining medical experts concluded that plaintiff was not significantly limited or only moderately limited in all areas of functioning.  (See Tr. 159-171).

    Where, as here, a Social Security disability claimant has objective symptoms, which are supported by medical evidence of record, the Commission is required to obtain a RFC assessment from an examining physician.  See Heggarty v. Sullivan, 947 F. 2d 990, 997 n. 1 (1st Cir. 1991); Rivera Figueroa v. S.H.H.S., 837 F. 2d 4, 6 (1st Cir. 1988); Rivera Torres v. S.H.H.S.. 837 F. 2d 4, 6 (1st Cir. 1988); Morales Colón v. Commissioner of Social Security, 245 F. Supp. 2d 395, 400 (D.P.R. 2003).

**Civil 05-1426 (DRD)**                                    2

Although the Commissioner (or his designee, the ALJ) retains the responsibility of weighing conflicting evidence of record, see Seavey v. Barnhart, 276 F. 3d 1, 10 (1st Cir. 2001), the ALJ cannot discredit a RFC report by an examining expert by virtue of an inconsistent report by a non-examining expert.  The Commissioner may in fact weigh differing RFC conclusions by examining experts.  This, however, was not the case below.  See, e.g., Martínez v. Commissioner of Social Security. 306 F. Supp. 2d 98, 99 (D.P.R. 2004).

Accordingly, the case must be **REMANDED** for further proceedings consistent with this opinion.  This ruling is not an opinion on the ultimate merits of plaintiff's claim.  More so, upon remand, the ALJ is at his discretion to accept any additional evidence he deems relevant.

**SO ORDERED.**

In San Juan, Puerto Rico this 20th day of December, 2005.


*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States Magistrate-Judge